*Geiger & Lockett, for appellant.*

---

## L. Anderson *v.* J. M. Bigger and Louderdale.

Principal and Surety—Release of Surety by Negligence.

A judgment creditor, who neglects to use due diligence in making the amount of his judgment while the debtor was solvent but allowing it to run for years, until the debtor moved from the state, is held to thus release the bondsmen of the debtor.

Pleading—Transfer of Right of Action.

Merely filing a transfer of a debt, and by order of court the assignee's are made plaintiffs, and judgment rendered against the defendant, held erroneous. After answer, there must be notice as amended or supplimental pleadings, before they can be taken for confessed.

APPEAL FROM MCCRACKEN CIRCUIT COURT.

March 5, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

J. M. Bigger and John A. Louderdale, Simmons having sued out an attachment in equity against Stevens for $207.50, garnisheed McIntosh and Sneed, and had a horse levied on.

November 23, 1863, two days after the attachment was sued,

Anderson signed a bond as Stevens security to abide by and perform the judgment of the court, which by the Civil Code discharged the attachment, section 242. But when Simmons took judgment by default on his debt October 17, 1864, he also obtained an order against the garnishees to apear on the ninth day of the same term of the court to show cause why they should not be attached for failing and refusing to answer; and also obtained a rule against Anderson to appear on the eleventh day of the term to show cause why judgment should not be rendered against him on the bond.

Snead answered the next day, confessing his indebtedness to Stevens in the sum of $200.

And Anderson responded to the rule against him, saying he signed the bond, and was willing to abide his responsibility, but that it was agreed between the parties that there were founds in the hands of the garnishees who had purchased the stock of liquors from Stevens and for which the note to the plaintiff had been given, and asked the court to protect his interest.

Here proceedings stopped against Anderson for near four years and until July 21, 1868, when Bigger and Louderdale filed a transfer dated February 17, 1868, from Simmons of his judgment against Stevens, Snead and Anderson, when in reality there was no judgment against Anderson, but after the filing of said transfer and at the time a judgment against Anderson was rendered in their favor.

In the meantime, October 20, 1864, two days after Snead and Anderson had responded as aforesaid, on Simmons' motion a judgment in his favor had been rendered for $200 against Snead and Snead was to have credit therefor with Stevens, and a direction was also at his instance made that Snead should have the money in court the next morning, which direction, however, was set aside the next day at defendants instance. April 25, 1865, Stevens answered, confessing the amount for which judgment had already been entered against him, but alleging that Snead & McIntosh owed him $500, for the same coffee house and liquors he had bought of Simmons.

Three days thereafter an attachment was awarded the plaintiff to pay into court the $200 by the twentieth day of the term.

And on May 9, 1865, another order requiring him to pay it by the 27th day of term was also made at Simmons' instance.

Three days thereafter an attachment fas awarded the plaintiff against Snead, upon which he was brought into court when by agreement of parties the attachment was dismissed, and Snead confessed judgment for $200 to the plaintiff.

Thus it will be seen that Simmons had obtained judgment for $200 against Snead October 20, 1864, and again by confession May 12, 1865. No execution had ever been sued out upon either judgment, and no further effort by rule or attachment made to collect the 'money.

January 30, 1869, Anderson by leave of court filed his affidavit and petition in which he sets up the responsibility of Snead and his solvency and that through the negligence and mismanagement of Simmons his judgment against Snead had been lost by the departure of Snead from the state with all his effects, and various other reasons were also assigned.

The orders thus obtained by Simmons on his own motion and without resistance but apparently by consent to convert this indebtedness of Snead to Stevens to pay his debt against the latter took the control of said Snead's liability out of the hands of both Stevens and his surety Anderson; besides, the judgment of Simmons against Snead enured to the benefit of Anderson as Stevens security for its appropriation to the discharge of his principals obligation for which he had become bound so far released him, therefore, whatever may have been Simmons right to abandon his attachment and garnishees when the bond was executed by Stevens and Anderson their voluntary interposition to convert Stevens assets to the payment of his debt made Simmons a *quasi* trustee at least and if through his own negligence and mismanagement said indebtedness of Snead to Stevens was lost, Simmons and his assignees must bear it. Anderson had a right to regard his liability as so far discharged after Simmons had by agreement discharged Snead from the attachment and taken a judgment by confession, but were this not so, he at least had a right to expect that Simmons having voluntarily taken charge of this debt, would use reasonable diligence to collect it.

Not only does this substantial equitable defense appear in the petition, but the record shows that on a bond to Simmons and rule and response in his name without an amended petition making averments of transfer, and without notice of any kind

to Anderson, but merely on filing the transfer and by order of court Bigger and Louderdale are made plaintiffs and judgment in their name rendered against Anderson. We are not prepared to say that such judgment is not wholly void for want of notice. The rule is after the answer there must be notice of some kind on amended or supplemental pleadings, before they could be taken for confessed.

Had the judgment been in favor of Simmons for the use and benefit of Bigger and Lauderdale, the irregularity would not have been such an entire departure from legal and equitable proceedings as the present one.

The petition was properly filed and improperly dismissed, and unless on issue and evidence some reasonable excuse for the non-collection of the judgment against Snead is offered, Stevens should have an absolute credit therefor, and so should Anderson, his security.

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.

*Anderson,* for appellant.

*Bigger & Moss,* for appellees.